OTT, Judge.
Appellants, teenage sisters, were found guilty in juvenile proceedings of obstructing police officers making an arrest, and of committing a battery upon such officers. We believe that under the peculiar facts of this case the evidence presented to the court was not sufficient to sustain the findings of guilt. Accordingly, we reverse.
The trial judge made no findings of the facts upon which he based his judgment, and we have examined the record in vain for evidence to support the judgment of guilt. A full recitation of the factual background of this unusual case would unduly prolong this opinion. Briefly, the conduct complained of occurred when a police officer attired in casual clothes (tee shirt and bluejeans), without badge, weapons or any other indicia of his status, apparently attempted to arrest appellants’ father during an altercation between neighbors. Appellants are honor students with excellent reputations in their community and they have no record of any previous transgressions. They came out of their house just in time to witness what appeared to be a violent attack on their father by a stranger who seemed to be one of the neighbor’s guests. The officer was totally without means of identifying himself as a law enforcement officer. In fact, there was a sharp conflict in testimony as to whether he even attempted to do so. A uniformed officer who had been called to the scene was standing by, and it is not clear whether he ever, while the girls were present, offered to vouch for or otherwise establish the attacker as a police officer acting in any official capacity. When he seemingly ignored the appellants’ frantic appeals to intervene and stop the beating, they personally went to their father’s aid.
We think that the evidence produced by the state, even when given its full weight and effect, was insufficient as a matter of law to establish the guilt of these appellants beyond and to the exclusion of every reasonable doubt.
The orders of the court below adjudicating appellants guilty of the offenses charged against them are reversed.
SCHEB, Acting C. J., and RYDER, J., concur.